LIVERPOOL & LONDON & GLOBE INSURANCE Co., et al. *v.* EAGLE COTTON OIL Co.

No. 42316 May 7, 1962 140 So. 2d 562

*Shumate & Eppes,* Meridian; *Watkins & Eager,* Jackson, for appellants.

*Ethridge, Minniece & Bourdeaux, Thomas R. Jones,* Meridian, for appellee.

Jones, J.

Eagle Cotton Oil Company held a mortgage on certain gin property owned by Brooks Reid. There were five insurance policies covering the property. The gin and machinery (everything except the seed house) were destroyed by fire on September 24, 1960.

Suit was filed by Eagle on each policy. The suits were consolidated and tried at one time. In each policy Eagle was named as mortgagee in the standard mortgage clause insofar as building items were concerned and on items other than building items there was a loss payable clause in favor of Eagle. Each policy contained the following provision:

"Special Conditions — It is a condition of this insurance that the following clauses (a), (b), and (c) are made a part of this contract and that the breach of any one or more of said clause(s) shall suspend the insurance under this policy while the breach exists. . .

"(b) Idleness in Ginning Season — If this gin is not regularly operated during the normal ginning season, due notice will be given to company."

The mortgage clause in each policy requires that the mortgagee ". . . . shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee), and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall on demand pay the premium for such increased

hazard for the term of the use thereof; otherwise this policy shall be null and void.''

On other than building items the policy also provided: ''Any loss ascertained and proven to be due to the insured under this policy on other than Building Items shall be held payable to Eagle Cotton Oil Company, Meridian, Mississippi, as interest may appear; subject, however, to all the terms and conditions of this policy.''

Each policy was for the sum of $2400 and covered pro-rata on the following items and amounts: $2600 on the one-story building with tin roof; $8400 on cotton ginning machinery and equipment while contained in the building; also electric motors, driers, etc., while installed for actual use and located on the premises; $400 on the seed house, and $600 on the 100 HP caterpillar natural gas engine contained in the main building, or a total of $12,000 provided by the five policies. On trial, suit was rendered for a total of $11,600 since the seed house insured for $400 did not burn.

In defense, it was alleged that the gin was burned after the regular ginning season began and that no due notice as provided above was given to the companies that the gin would be idle during the regular ginning season. An issue was made on this. One of the officers of Eagle testified that he had conversed with Mrs. Beavers of the agency which wrote the policies in the summer of 1960 and had told her the gin would probably not operate that season, although he admitted that the company desired Reid to operate in order that its indebtedness might be reduced.

Mr. Reid testified that he told Mr. Beavers in the summer of 1960 while discussing with him the making of a cotton sampler's bond: ''Mr. Beavers, we won't need any bond at this time for we are not going to operate the gin.''

The evidence showed that the gin was located in Union, Mississippi; that Union is a small town and

that the gin was located a few blocks from the office of the Beavers Insurance Agency. Mr. and Mrs. Beavers each denied having been advised that the gin would not operate.

■■ ■ A provision for the avoidance of a policy of fire insurance if the business or manufactury is suspended or ceases to operate for a stated period is valid, and should be reasonably construed so as to afford proper protection to both parties. 45 C.J.S., Insurance, Sec. 554; 29A Am. Jur., Insurance, Sec. 2899.

■■■ ■ The policy does not require notice in writing, or the attachment of an endorsement to the policy, as is required in vacancies of residential property. Hence the policy does not preclude due notice by verbal or oral advice or notice. Due notice is a relative term, and must be applied in each case in the exercise of the discretion of the court and jury, in view of the particular circumstances, and in order to prevent the working of an injustice. ■■■ ■ It requires at least knowledge on the part of the insurer or its agent of the fact of non-operation of the business, or suspension of business, as in the instant case, during the cotton ginning season. See 13 Words & Phrases, page 486; Supp., page 144.

■■■ ■ In Equity Mutual Fire Insurance Co. v. Harrell, 247 S. W. 678 (Tex. Civ. App. 1923), one of the issues which were submitted to the jury was whether the insured notified the insurance agent who wrote the fire insurance policy for the cotton gin that he might not run the gin for the season beginning in the fall of 1920. This was a question of fact there submitted to the jury, which, on the evidence in that case, found against the insured, but which on other issues resulted in a judgment for the insured. The court affirmed the judgment, including the submission of the issue of whether insured had notified the insurer's agent of suspension of business during the ginning season. The evidence here presented an issue of fact as to whether the in-

sured and the president of and a salesman for appellee gave "due notice" to appellant, through its local insurance agent, of suspension of business of the gin for the ginning season.

 █ The court gave the following instructions for the plaintiff:

"The Court instructs the jury for the Plaintiff, Eagle Cotton Oil Company, that as a matter of law, the Beevers' Insurance Company, Inc., was the agent of the Defendant Insurance Companies, and that any notice or knowledge of the Beevers' Insurance Company becomes, by law, the notice and knowledge of the Defendant Insurance Companies. The Court further instructs you that whatever puts a person on inquiry amounts, in law, to notice of such facts as such inquiry, pursued with ordinary diligence and understanding, would have disclosed. The Court further instructs you therefore, that if you find from preponderance of the evidence, that the Beevers' Insurance Company, Inc., had knowledge of sufficient facts which would have put a reasonably prudent man on inquiry as to the circumstances of the operation of the Brooks Reid gin during the regular ginning season of 1960, then the knowledge of such facts would amount to notice on the part of Beevers' Insurance Company, Inc., and in turn, would amount to notice on the part of the Defendant Insurance Companies."

We think this instruction is too broad. The policy constituted a contract which required that the company be given due notice if the gin were not to operate during the regular season. The question as to what constituted due notice and whether it was given should be submitted to and determined by the jury.

It is also argued here that the machinery and equipment constituted personal property and that the appellee should have been required to prove the value of each item. Since this case is being reversed and remanded for a new trial because of an erroneous in-

struction the evidence should develop at such new trial whether the machinery and equipment constituted fixtures and a part of the realty or whether it was personal property. If personal property, the value should be shown. As to whether it is personal property or realty may be a question of fact for the jury. Darden v. Liverpool & London & Globe Ins. Co., 109 Miss. 501, 68 So. 485.

Reversed and remanded.

*Lee, P. J.,* and *Kyle, Ethridge* and *Gillespie, JJ.,* concur.